# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JEROME REDMAN,**

      **Plaintiff,**

v.                                                                **CIVIL ACTION NO.: 3:21-CV-37 (GROH)**

**JAVITCH BLOCK, LLC,**

      **Defendant.**

## ORDER GRANTING MOTION TO REMAND

This matter is before the Court on Plaintiff's Motion to Remand. ECF No. 5. The Plaintiff contends that the Defendant waived its right to remove this case by filing a dispositive motion in state court prior to removal. The Defendant argues that its state court filings were required by the rules, and therefore do not constitute waiver. The Plaintiff's Motion to Remand shall be granted for the reasons that follow.

### I. Procedural History

This litigation has a particularly lengthy history; however, its origins are somewhat relevant to the Court's inquiry. Prior to the instant case, there was a lawsuit in the Circuit Court of Berkeley County, West Virginia filed by FIA Card Services, N.A., against Jerome Redman, the current plaintiff. Javitch Block became involved in the earlier matter when it filed a sugestee execution to collect a default judgment against Redman on behalf of FIA. As a result, Redman's wages were garnished. Redman, by counsel, eventually had the default judgment against him set aside.

1

Redman then sought relief against FIA Card Services and Javitch Block. Ultimately, Redman reached a settlement with FIA and filed a notice of voluntary dismissal without prejudice as to Javitch Block. Redman apparently dismissed the earlier action against Javitch Block (as a third-party defendant) in favor of a new, standalone complaint.

Redman filed a complaint against Javitch Block in state court on January 14, 2021, and an amended complaint was filed on February 11, 2021. Significantly, the amended complaint contained a count alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). This inclusion triggered the case's removability—which neither party contests.

On February 25, 2021, Javitch Block filed a motion to dismiss the amended complaint. Its motion sought to dismiss all claims, including the FDCPA claim giving rise to federal jurisdiction. The motion was 23 pages, and it sought relief under 12(b)(1) and 12(b)(6). On March 1, 2021, Javitch Block filed a letter with supplemental authority for its motion to dismiss. Two days later, Javitch Block filed a motion to stay discovery. On March 5, 2021, the state court judge assigned to the case entered an Order of recusal and transferred the case to the judge who handled the original proceedings involving Redman, FIA Card and Javitch Block. Within three hours of the original judge's reassignment, Javitch Block filed its notice of removal. ECF No. 1.

## II. Applicable Law

A defendant may remove a case from state to federal court if the federal court has original jurisdiction over the plaintiff's claims. 28 U.S.C. § 1441(a). Federal courts have

original jurisdiction over two types of cases: (1) cases involving federal questions under 28 U.S.C. § 1331 and (2) cases involving diversity of citizenship under 28 U.S.C. § 1332.

Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The party seeking removal has "[t]he burden of establishing federal jurisdiction." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)). Courts strictly construe removal jurisdiction, thus, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151. Moreover, the court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993).

### III. Discussion

When a defendant demonstrates original jurisdiction, it enjoys generally unhindered access to federal courts. However, removal under § 1446 is not without limitation. This District previously explained that a "defendant may waive its right to remove a state court action to federal court if it submits to the state court's jurisdiction, such as by seeking some form of affirmative relief from the state court when it is not compelled to take such action." Wolfe v. Wal-Mart Corp., 133 F. Supp 2d 889, 892 (N.D. W.Va. Mar. 19, 2001) (citing Moore's Fed. Prac. § 107.18[3][a]).

In this case, the Defendant timely filed its notice of removal within thirty days of Plaintiff filing his amended complaint, which for the first time included a claim giving rise

to federal jurisdiction.  Timeliness is not the issue before the Court.  Instead, the Plaintiff contends that Defendant waived its ability to remove under the statute. Specifically, the Plaintiff argues that the Defendant waived its right to remove by filing a motion to dismiss the amended complaint on the merits in state court—prior to filing the notice of removal.

Moreover, the Court's factual inquiry is particularly relevant to determining the instant motion.  Between February 25 and March 3, 2021, the Defendant filed a motion to dismiss, a letter with supplemental authority to the judge, and a motion to stay discovery pending resolution of the motion to dismiss. These filings demonstrate the Defendant's desire to litigate the matter in state court.  The motion to dismiss was filed pursuant to 12(b)(1) and 12(b)(6) and raised dispositive arguments.  Particularly interesting is that the Defendant filed its notice of removal just over three hours after the case was reassigned to the judge who handled the first litigation involving these parties.

The Court further notes that one of the Defendant's arguments in its motion to dismiss was *res judicata*. The Defendant argued that the first litigation precludes the Plaintiff's claims in the instant case.  Who better to consider and decide that question than the judge who handled the first litigation?  Yet, the Defendant fled to federal court within a few hours of that judge's assignment to the case.

Upon review of the Defendant's filings in state court and the entire record, this Court finds that the Defendant manifested an intent to litigate in state court, thereby waiving its right to remove.  See Wolfe, 133 F.Supp.2d at 892; Heafitz v. Interfirst Bank of Dallas, 711 F.Supp. 92 (S.D.N.Y. 1989).

## IV. Conclusion

Based upon the foregoing, the Plaintiff's Motion to Remand is **GRANTED** [ECF No. 5], and the above-styled civil action shall be and is hereby **REMANDED** to the Circuit Court of Berkeley County, West Virginia, for all further proceedings.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and to the Circuit Clerk of Berkeley County, West Virginia. The Clerk is further **DIRECTED** to terminate all pending motions as moot and remove this civil action from the Court's active docket.

**DATED**: October 12, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE